UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DELL INC.,
a Delaware corporation,

    Plaintiff,

vs.

ALIEN HEAD GEAR, LLC,
a Florida limited liability company,
LOUIS J. HURN, an individual, and
JOHN VILLANTE, an individual,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Dell Inc., on behalf of itself and its subsidiary, Alienware Corporation, brings this action against Alien Head Gear LLC, Louis J. Hurn, and John Villante (collectively, "Defendants") and alleges the following:

## JURISDICTION AND VENUE

1.    This is an action for trademark infringement under 15 U.S.C. § 1114, false designation of origin, and/or false description or representation under 15 U.S.C. § 1125(a), cybersquatting under 15 U.S.C. § 1125(d), and related claims under state and common law.

2.    This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as it involves claims arising under the Lanham Act. This Court has jurisdiction over the other claims asserted herein under the provisions of 28 U.S.C. §§ 1338(b) and 1367 because the claims are joined with substantial and related claims under the Trademark Laws of the United States. This Court also has jurisdiction because this is an action between

citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs, jurisdiction being conferred by 28 U.S.C. § 1332(a).

3. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in the Southern District of Florida, are doing business in this district, and a substantial part of the events giving rise to the claims asserted in this action occurred in this district.

## PARTIES

4. Dell Inc. is a Delaware corporation with its principal place of business at One Dell Way, MS RR 1-33, Round Rock, Texas 78682. Dell Inc.'s subsidiary, Alienware Corporation, is a Florida corporation with its principal place of business at 14591 S.W. 120th Street, Miami, Florida 33186. Dell Inc. and/or its Alienware subsidiary are collectively referred to as "Alienware."

5. On information and belief, Defendant Alien Head Gear LLC is a Florida limited liability company with its principal place of business at 4700 Coconut Creek Parkway, Suite #101, Coconut Creek, Florida 33063.

6. On information and belief, Defendant Louis J. Hurn is an individual residing in Coconut Creek, Florida. Also on information and belief, Mr. Hurn is the Chief Executive Officer and co-founder of Alien Head Gear LLC and, at all relevant times, directed and controlled the complained-of wrongful activities of that entity to the detriment of Alienware.

7. On information and belief, Defendant John Villante is an individual residing in Clermont, Florida. Also on information and belief, Mr. Villante is a co-founder of Alien Head Gear LLC and, at all relevant times, directed and controlled the complained-of wrongful activities of that entity to the detriment of Alienware.

**BACKGROUND AND GENERAL ALLEGATIONS**

A.     **Alienware and Its Well-known Marks and Products.**

8.     Since 1997, Alienware has been a manufacturer, marketer, and distributor of high-performance computer systems and various other products related to computer systems. Dell Inc. bought Alienware in 2006.

9.     For many years, Alienware has used its "Alienware" trade name, ALIENWARE mark, and Alien Head Logo (mark and logo collectively referred to as "ALIENWARE Marks") in connection with its advertising, promotion and other marketing, and its sale and distribution of its various products ("Alienware Products"). One manner in which Alienware has displayed its ALIENWARE Marks is shown below:

**ALIENWARE**

10.     As part of its product line, Alienware has marketed, sold, and distributed headphones.

11.     Alienware has registered, or applied to register, its ALIENWARE Marks in the United States Patent and Trademark Office ("USPTO") including, for example, the following:

| MARK | GOODS AND SERVICES | APP. NO./REG. NO. |
| --- | --- | --- |
| ALIENWARE | Class 9 – Computers<br>Class 42 – Computer installation and set-up services | Reg. No. 2616204 |
| ALIENWARE | Class 16 – Binder printed instruction manual for setting up an Alienware computer<br>Class 35 – Online retain store services featuring computers | Reg. No. 2823037 |

3

| MARK | GOODS AND SERVICES | APP. NO./REG. NO. |
|---|---|---|
|  | Class 9: Computers; computer disc and hard drives; DVD players; digital home entertainment systems comprised of a media center device, namely, computer hardware that is based on PC technology designed and optimized to interact with digital TV, video, audio, internet and data information, TV tuners, speakers, digital video recorders, amplifiers and stereo base systems for digital music players and MP3 radio receivers; digital compact music players, namely MP3 players; digital video recorders; digital photograph viewers, namely handheld electronic devices for organizing and viewing digital images and photographs; remote controls for media center devices that control attached televisions, speakers, DVD players and digital video recorders; mouses for computers; mouse pads; keyboards; and carrying cases for laptop computers | Reg. No. 3250427 |
| ALIENWARE | Headphones | App. Ser. No. 85676824 |

| MARK | GOODS AND SERVICES | APP. NO./REG. NO. |
|---|---|---|
|  | Headphones | App. Ser. No. 85676927 |

12.     The above registrations are valid, subsisting and owned by Alienware and constitute *prima facie* evidence of the validity of the marks and of Alienware's ownership and exclusive right to use them in connection with the goods or services specified in each registration.  Registration Nos. 2616204 and 2823037 are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

13.     Over the years, Alienware has invested heavily in marketing its Alienware Products, devoting millions of dollars to advertising and promoting these goods through many media including, but not limited to, television, magazines, newspapers, trade shows and the Internet.

14.     The Internet has been and is an important marketing and sales channel for Alienware.  In fact, Alienware generates over 50% of its revenue from Internet sales.  To support its online marketing and sales efforts, Alienware owns, uses and has registered many different domain names that contain its ALIENWARE mark.  These domain names include, but are not limited to, www.alienware.com, www.alienware-audio.com, www.alienwaretech.com, and www.shopalienware.com ("Alienware Domains").

15.     One major trade show in which Alienware has long and consistently participated and at which potential customers have become familiar with Alienware's Alienware Products is

5

the Consumer Electronics Show in Las Vegas, Nevada and, as in previous years, Alienware actively participated in this show in 2012.

16. Alienware has long used its ALIENWARE Mark as part of its 1.800.ALIENWARE vanity phone number, which Alienware has long used in marketing and selling its Alienware Products.

17. Alienware has been, and continues to be, extremely successful, generating hundreds of millions of dollars in annual revenue under, or in connection with, its Alienware Name, ALIEN marks, Alien Domains, and 1.800.ALIENWARE vanity number.

18. Since prior to Defendants' wrongful acts and continuing to the present, and as a result of Alienware's corporate operations and its advertising, marketing, sales and distribution of its Alienware Products, the Alienware Name, ALIENWARE Marks, Alienware Domains, and 1.800.ALIENWARE vanity phone number had acquired significant goodwill and a strong secondary meaning identifying Alienware and its Alienware Products, including but not limited to, headphones, and Alienware's ALIENWARE and Alien Head Logo marks had become famous among consumers and others in Florida and throughout the United States.

**B.    Defendants' Intentional Wrongful Acts.**

<u>Defendants' Intentional Violation of Alienware's Rights</u>

19. On information and belief, Defendants are in the business of marketing and selling high-performance headphones in direct competition with Alienware.

20. Subsequent to Alienware's first use of, and acquisition of strong rights in its Alienware Name, ALIEN Marks, Alien Domains and 1.800.ALIENWARE vanity phone number, and long after Alienware had registered its ALIEN Marks, Defendants Hurn and Villante launched a business under the "Alien Head Gear" trade name ("Alien Head Gear

6

Name") and began to advertise, promote and otherwise market headphones under the ALIEN HEAD GEAR mark and Alien Head Logo (pictured below) (collectively "ALIEN Head Gear Marks").



21.     On information and belief, Defendants market their headphones through the website at www.alienheadgear.com (the "alienheadgear.com Domain").  The website is titled ALIEN Head Gear and has prominently displayed the Alien Head Logo ("ALIEN Head Gear Website").

22.     On information and belief, Defendants use and prominently display on the ALIEN Head Gear Website the vanity phone number 1.855.41ALIEN.

23. The "About Our Gear" link on the home page of the ALIEN Head Gear Website leads to a page entitled "About Us" (www.alienheadgear.com/about.htm), which is shown below:



In addition to the picture of a sizeable assembly facility, the above page contains statements that Alien Head Gear has noise cancelling technology, is a leading audio device manufacturer, and maintains best-in-class manufacturing and quality standards.

24. The "Distributor Information" link on the home page of the ALIEN Head Gear Website leads to the page www.alienheadgear.com/distributor_info.htm. On information and

8

belief, Defendants represent on this page that Alien Head Gear operates a warehouse from which it can ship worldwide.

25.     On information and belief, Defendants do not own any noise cancelling technology, do not own, operate, or control any audio device manufacturing facility or warehouse and have no recorded manufacturing or quality standards.

26.     On information and belief, Defendants attended and marketed their ALIEN Head Gear headphones at the 2012 Consumer Electronics Show in Las Vegas, the same major consumer electronics show attended for years by Alienware.

27.     Defendants' use of the ALIEN Head Gear Name, ALIEN Head Gear Marks, www.alienheadgear.com Domain, and 1.855.41ALIEN vanity phone number is without Alienware's permission, consent, or authorization.

28.     On information and belief, Defendants have been operating under the Alien Head Gear Name, and have been marketing, selling, and distributing headphones in connection with the ALIEN Head Gear Marks, www.alienheadgear.com Domain, and 1.855.41ALIEN vanity phone number and using the above representations about Alien Head Gear's technology, facilities, and standards with full knowledge of (a) Alienware's prior rights in its Alienware Name, ALIEN Marks, Alien Domains, and 1.800.ALIENWARE vanity number and (b) that its above representations are false and/or misleading in order to trade on and profit from Alienware's good will and to give Defendants' products a notoriety and salability they would not otherwise have.  Accordingly, Defendants' above acts have been in bad faith and constitute an intentional violation of Alienware's rights.

Defendants' Continuing Bad Acts

29. Alienware contacted Defendant Hurn and demanded that Defendants stop infringing Alienware's name and marks.

30. In a calculated attempt to continue trading off Alienware's good will, Defendants removed the Alien Head Logo from their Website, but they continue to use the Alien Head Gear Name, ALIEN Head Gear mark, www.alienheadgear.com Domain, 1.855.41ALIEN vanity phone number, and above representations to market their products.

31. Since then, Alienware has repeatedly reasserted its objections and requested that Defendants cease their infringing behavior, but Defendants have, for all material purposes, simply ignored Alienware.

32. Further, and in the face of Alienware's repeated objections, Defendants have applied to register ALIEN HEAD GEAR for "Audio headphones; Audio speakers; Earphones and headphones; Headphones; Headphones including attached lanyard; Music headphones; Personal headphones for sound transmitting apparatuses; Personal headphones for use with sound transmitting systems; Stereo headphones" in the USPTO, App. Ser. No. 85676112.

## FIRST CAUSE OF ACTION
## (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114)

33. Alienware realleges the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34. Defendants' aforesaid use of the ALIEN Head Gear Marks and www.alienheadgear.com Domain is likely to cause confusion, mistake, and/or deception as to Defendants' affiliation, connection or association with Dell Inc., or as to the origin, sponsorship, or approval of Defendants' products.

35. Defendants' aforesaid acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114.

36. Defendants' aforesaid acts are greatly and irreparably damaging to Alienware and will continue to damage Alienware unless enjoined by the Court, wherefore, Alienware is without an adequate remedy at law.

## SECOND CAUSE OF ACTION

### (FALSE DESIGNATION OF ORIGIN; FALSE DESCRIPTION OR REPRESENTATION UNDER 15 U.S.C. §1125(A))

37. Alienware realleges the allegations contained in paragraphs 1 through 32 and 36 as though fully set forth herein.

38. Defendants' aforesaid use of the Alien Head Gear Name, ALIEN Head Gear Marks, www.alienheadgear.com Domain, 1.855.41ALIEN vanity phone number and false and/or misleading representations about Alien Head Gear's technology, facilities, and standards constitute a false designation of origin, and/or false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION

### (FEDERAL CYBERSQUATTING UNDER 15 U.S.C. § 1125(D))

39. Alienware realleges the allegations contained in paragraphs 1 through 32 and 36 as though fully set forth herein.

40. Defendants' registration and use of www.alienheadgear.com constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

## FOURTH CAUSE OF ACTION

### (VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT § 501 ET SEQ.)

41. Alienware realleges the allegations contained in paragraphs 1 through 32 and 36 as though fully set forth herein.

42. Defendants' aforesaid acts constitute deceptive practices under Florida's Deceptive Practices Act § 501 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Alienware prays that:

43. Defendants, and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action and permanently thereafter from:

    a) using in any corporate materials or activities, in any advertising, promotion or other marketing materials or activities and in any sales or distribution materials or activities, the ALIEN Head Gear Name, ALIEN Head Gear Mark, the Alien Head Logo, 1.855.41ALIEN phone number, and complained-of representations about Alien Head Gear's technology, facilities and standards, and any other trademark, service mark, name, logo, source designation or representation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, names or logos of Alienware, or is likely to cause confusion, mistake, deception, or public misunderstanding between Defendant and Alienware, or suggest that Defendant or its products are from, or authorized, sponsored or approved by, or in any way related to, Alienware;

  b)  doing any act or thing likely to induce the belief that Defendants or their products are in any way legitimately connected with, or sponsored or approved by Alienware; and

  c)  using, registering, or offering for sale the www.alienheadgear.com domain name.

44.  Defendants be required to:

  a)  pay to Alienware its actual damages sustained as a result of Defendants' wrongful conduct in accordance with 15 U.S.C. § 1117 and Fla. St. § 501.211;

  b)  account for and pay over to Alienware all profits derived by Defendants from their complained-of acts, in accordance with 15 U.S.C. § 1117;

  c)  pay to Alienware the greater of three times the damages Alienware has suffered or three times Defendants' profits, in accordance with 15 U.S.C. § 1117;

  d)  pay to Alienware statutory damages for Defendants cybersquatting in the amount of $200,000 in accordance with 15 U.S.C. § 1117;

  e)  pay to Alienware the costs of this action together with Alienware's reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117 and Fla. St. § 501.211;

  f)  recall from Defendants' business partners, customers, and all others within its control, all headphones, packaging, literature, labels, advertising, and other materials containing the Alien Head Gear Name, ALIEN HEAD GEAR Mark, Alien Head Gear logo, www.alienheadgear.com domain

        name or 1.855.41ALIEN phone number or any imitation, simulation or variation thereof, or of an infringing, misleading, or unfair nature, in accordance with 15 U.S.C. § 1116;

g)   turn over to Alienware for destruction, or at Alienware's election certify the destruction of, any headphones, packaging, literature, labels, advertising, and other materials containing the Alien Head Gear Name, ALIEN HEAD GEAR mark, Alien Head Gear logo, www.alienheadgear.com domain name or 1.855.41ALIEN phone number, or any imitation, simulation or variation thereof, or of an infringing, misleading, or unfair nature, in accordance with 15 U.S.C. §§ 1118, 1125(c); and

h)   file with this Court and serve on Alienware a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116.

45.   Alienware have such further relief as this Court deems just and equitable.

        Respectfully submitted,

        /s/ *Michael R. Tein*
        MICHAEL R. TEIN
        Fla. Bar. No. 993522
        Lewis Tein, P.L.
        3059 Grand Avenue, Suite 340
        Coconut Grove, Florida 33133
        Telephone:  (305) 442-1101
        Facsimile:  (305) 442-6744
        E-mail:  tein@lewistein.com
        Florida Bar No.:  993522

*Of counsel:*

DANIEL D. FROHLING
Loeb & Loeb LLP
321 North Clark St.
Suite 2300
Chicago, IL  60654
Telephone:  (312) 464-3100
Facsimile:  (312) 803-0733
E-mail:  dfrohling@loeb.com

JESSICA A. LEE
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4073
Facsimile:  (212) 202-6493
E-mail:  jblee@loeb.com